UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:95-cr-00178-MOC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| TONY BERNARD ALEXANDER, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's "Motion Pursuant to FRAP Local Rule 10(d) Supplemental Records, Modification, or Correction" (#667). At present, this court's Judgment on revocation proceedings is on appeal before the Fourth Circuit and a liberal reading of the instant motion indicates that defendant/appellant seeks to supplement the record certified by this court. While defendant cites the court to Federal Rule of Appellate Procedure 10(d), it is readily apparent that defendant seeks to modify or correct the record under Rule 10(d). For the reasons that follow, that request will be summarily denied as defendant seeks to add, through discovery, evidence that was not submitted to or considered by the court at the revocation hearing.

Defendant contends that his conviction on the supervised release violation was based on perjured testimony by the United States Probation Officer. He asks that the court compel the production of surveillance tapes from the building where probation is housed and from Homeland Security that he contends would contradict the officer's testimony concerning his activities. Rule 10(d) is not, however, a discovery rule or a rule that allows for the proliferation of evidence that what not considered by this court at the SRV hearing. Instead, Rule 10(d) allows for modification or correction of the record on appeal by the district court during the pendency of an appeal for

1

errors in the compilation of the record. For example, if a piece of evidence was presented at the SRV hearing and not included in the record on appeal, the district court has the authority to conform the record to include that evidence.

The rule does not, however, empower this court to add to the record evidence that was not submitted at that hearing. In accordance with Rule 10(e), the party seeking to modify or correct the record must demonstrate that the evidence to be supplemented was ***before the lower court*** during the proceedings leading to the judgment under review and was mistakenly omitted from the record. Miro v. Plumbers & Pipefitters Nat'l Pension Fund, 2002 WL 31357702, at *1 (S.D.N.Y. Oct.17, 2002) (citing Schreier v. Weight Watchers Northeast Region, Inc., 872 F.Supp. 1, 3 (E.D.N.Y.1994)). Further, "[i]t is well-settled that the purpose of Rule 10(e) is not to allow a district court to add to the record on appeal matters that did not occur there in the course of proceedings leading to the judgment under review." Armfield v. Jacobson, 1998 WL 199852, at *2 (E.D.N.Y. Mar.27, 1998) (quotations and citations omitted). If defendant believes that his attorney failed to discover and produce evidence at the SRV hearing that would have contradicted the testimony of a government witness, he should raise that issue with the appellate court on appeal.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's "Motion Pursuant to FRAP Local Rule 10(d) Supplemental Records, Modification, or Correction" (#667) is DENIED.

Signed: April 22, 2016

Max O. Cogburn Jr
United States District Judge