UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO: 3:95-CR-00178-MOC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| TONY BERNARD ALEXANDER, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on pro se Defendant's letter (#713), which the Court liberally construes as Motion to Set Aside Judgment Pursuant to Federal Rule of Civil Procedure 60(d)(3).[1] For the reasons discussed below, the Court denies Defendant's motion.

Under Rule 60(d)(3), the Court is empowered to "set aside a judgment for fraud on the court." Still, proving fraud on the court "presents . . . a very high bar for any litigant." Fox ex rel. Fox v. Elk Run Coal Co., 739 F.3d 131, 136–37 (4th Cir. 2014). Defendant must prove such fraud by "clear and convincing evidence." United States v. MacDonald, 161 F.3d 4 (4th Cir. 1998) (table) (citing Square Const. Co. v. Wash. Metro. Area Transit Auth., 657 F.2d 68, 71 (4th Cir. 1981)); see also United States v. Higgs, 193 F. Supp. 3d 495, 508 (D. Md. 2016) (collecting cases).

Defendant summarily asserts the Government conspired to violate his "fundamental rights." (#713 at 1–2). But these unsubstantiated allegations fail to demonstrate fraud on the court by clear and convincing evidence. Accordingly, Defendant's motion to set aside the judgment is denied.

---

[1] Defendant's motion requests relief under Federal Rule of Civil Procedure 60(b)(3), but such motions must be filed "no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c). This final entry of judgment in this case was entered about two decades ago.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Set Aside Judgment Pursuant to Federal Rule of Civil Procedure 60(d)(3) (#713) is **DENIED.**

Signed: November 26, 2019

Max O. Cogburn Jr.
United States District Judge